# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3567 | **DATE** | 9/4/2002 |
| **CASE TITLE** | Professional Supply vs. Siemens Westinghouse, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing re-set for 9/12/2002 at 10:30 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order: Wesco's motion to dismiss (10-1) is denied. The status hearing and ruling date of 9/5/02 is stricken.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | | number of notices |
| ✓ | Notices mailed by judge's staff. | | | SEP 05 2002 |
| | Notified counsel by telephone. | | | date docketed |
| | Docketing to mail notices. | | | docketing deputy initials |
| | Mail AO 450 form. | | | 9/4/2002 |
| | Copy to judge/magistrate judge. | | | date mailed notice |
| GL courtroom deputy's initials | | Date/time received in central Clerk's Office | | GL mailing deputy initials |

**Document Number**

11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PROFESSIONAL SUPPLY, INC.,      )
                                )
                   Plaintiff,   )
                                )
        v.                      )      No. 02 C 3567
                                )
SIEMENS WESTINGHOUSE            )
TECHNICAL SERVICES, INC.        )
and WESCO DISTRIBUTION, INC.,   )
                                )

                   Defendants.

**DOCKETED**

SEP 0 5 2002

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, Senior Judge:

Plaintiff Professional Supply, Inc. ("PSI") has brought claims of professional negligence and negligent misrepresentation against defendants Siemens Westinghouse Technical Services, Inc. ("Siemens") and Wesco Distribution, Inc. ("Wesco"). PSI's claims against Wesco are based on the purported agency relationship between Siemens and Wesco. Wesco has moved to dismiss both counts. The motion to dismiss as to Wesco is denied.

## BACKGROUND

The following facts are taken from the complaint and are assumed to be true for the purpose of Wesco's motion. Plaintiff PSI is an engineering firm which utilizes specific technology to achieve savings in energy costs in the heating and ventilating of large industrial plants. PSI conducts feasibility studies at the plants and then uses the data collected to develop a program for increased energy efficiency.

In 1999, Ford Motor Company approached PSI about taking over a project to increase

-1-

efficiency at its Chicago assembly plant. In March 2000, PSI invited Siemens and Wesco to quote on performing a mini-coordination study of several transformers at Ford's plant. On March 30, 2000, Wesco provided a quote, detailing the scope of the work to be performed at the plant, the dates on which work was to begin, the dates on which reports would be issued, and pricing information. In early July 2000, PSI issued its purchase order to Wesco to have Siemens perform the study. In late July, because of continuing problems with the transformers, PSI retained Siemens to conduct a broader analysis of the transformers to determine "if there is a problem with the distribution system, design, or motor/starter." (Compl. ¶ 12). It is unclear from the complaint whether this additional work was an expansion of the work for which Wesco and PSI had originally contracted, or whether it was an entirely separate transaction solely between Siemens and PSI.

Siemens subsequently recommended that PSI resize transformer fuses. Despite PSI's compliance with this recommendation, in November and December of 2000 two of the indoor transformers broke down. PSI claims that Siemens was negligent in making its recommendations. Indeed, according to PSI, the one improvement recommended by Siemens – resizing the transformer fuses – actually put at least one of the transformers at a higher risk of failure.

PSI has now brought suit against both Siemens and Wesco for professional negligence and negligent misrepresentation. PSI makes no direct allegations of negligence on Wesco's part, but rather asserts liability according to an agency theory, alleging that Wesco is liable as Siemens' principal. In support of this allegation PSI has provided evidence that it issued a purchase order to Wesco for the work provided by Siemens, and PSI paid this invoice. In addition, PSI has produced an estimate, on Wesco's letterhead, which was prepared in response to PSI's request to Wesco and Siemens to quote on performing the study. *See* Compl. Ex. 1. This letter, which was sent by Wesco

Senior Sales Representative Jason Evans, details the scope of the work to be performed, a schedule for when work was to commence, when reports would be issued, and pricing information. At issue is whether PSI has plead facts sufficient to state a claim against Wesco under an agency theory.

## ANALYSIS

The purpose of a motion to dismiss under Rule 12(b)(6) is to decide the adequacy of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, we must accept all well-pleaded allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *MCM Partners, Inc. v. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 972 (7th Cir. 1995), *aff'd* 161 F.3d 443 (7th Cir. 1998), *cert. denied*, 528 U.S. 810 (1999). Therefore, a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

An agency relationship has two components: "(1) the principal has the right to control the manner and method in which the agent performs the work for her, and (2) the agent has the power to subject the principal to personal liability." *Hastings v. Fidelity Mortgage Decisions Corp.*, 984 F. Supp. 600, 606 (N.D. Ill. 1997); *see also Knapp v. Hill*, 657 N.E.2d 1068, 1071 (Ill. App. Ct. 1995). An agent's authority may be actual, apparent, or the result of ratification. *C.A.M. Affiliates, Inc. v. First Am. Title Ins. Co.*, 715 N.E.2d 778 (Ill. App. Ct. 1999).

PSI has not specifically alleged which type of authority was vested in Siemens. This failure, however, is not fatal because "the complaint need not identify a legal theory." *Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992). At this early stage in the litigation, we find that PSI has alleged facts sufficient to support an inference of apparent, if not actual, authority.

Apparent authority is based on a principal's representations to a third party. *See e.g., Letsos v. Century 21-New West Realty,* 675 N.E.2d 217, 225 (Ill. App. Ct. 1996). There are three elements of apparent authority: (1) the principal consented to or knowingly acquiesced in the agent's exercise of authority; (2) based on the actions of the principal and agent, the third person reasonably concluded that the party was an agent of the principal; and (3) the third person justifiably relied on the agent's apparent authority to his detriment. *Id.*

To withstand a motion to dismiss PSI need only allege *"some* factual predicate (even though generalized rather than evidentiary in nature) to create the inference" of agency. *Rand Bond of N. Am., Inc. v. Stone & Co.,* 726 F. Supp. 684, 687 (N.D. Ill. 1989). This is a standard that PSI has satisfied.[1]

CONCLUSION

For the foregoing reasons, Wesco's Motion to Dismiss is denied. It is so ordered.

MARVIN E. ASPEN
United States District Judge

Dated: _9/4/02_

---

[1] It is true that PSI's complaint leaves open many questions about its relationship with Wesco and Siemens. We must consider this deficiency, however, in light of the generosity of Rule 12. PSI has presented evidence that Wesco sent PSI a letter describing the scope of the work to be performed by Siemens and the cost of such work. This allegation supports an inference that Wesco held Siemens out as possessing authority to conduct the work at the plant. In addition, communications from PSI to Wesco, including the purchase order, are sufficient to support an inference that PSI considered Siemens to be Wesco's agent.